UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gary Johnson, <br><br> and <br><br> Charlotte Johnson, <br><br>    Plaintiffs, <br><br> v. <br><br> Portfolio Recovery Associates, Inc. <br> c/o Judith Sugg Scott. Registered agent <br> 120 Corporate Blvd, Suite 100 <br> Norfolk, VA 23502, <br><br>    Defendant. | Case No. <br><br><br> **COMPLAINT** <br><br><br> **Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff Gary Johnson ("Gary") is a resident of the State of Illinois.

4- Plaintiff Charlotte Johnson ("Charlotte") is a resident of the State of Illinois.

5- Defendant is a corporation with its principal office in the State of Virginia.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## **FACTS COMMON TO ALL COUNTS**

9- On or around October 12, 2011, Defendant telephoned Plaintiffs and left a voicemail.

10- On or around October 12, 2011, Charlotte telephoned Defendant using the number left on the voicemail.

11- During this communication, Charlotte learned that Defendant was attempting to collect a debt for U.S. Cellular.

12- During this communication, Charlotte informed Defendant that Plaintiffs never had an account with U.S. Cellular, and that Defendant was calling the wrong people.

13- During this communication, Defendant never attempted to verify Plaintiffs identity.

14- During this communication, Defendant insisted that Plaintiff owed the bill and demanded that Plaintiffs pay the bill.

15- During this communication, Plaintiffs asked Defendant to stop calling them about the bill.

16- During this communication, Defendant represented to Plaintiffs that the only way they would stop calling is for Plaintiffs paid the bill.

17- Despite having notice that Plaintiffs were not the debtor, Defendant telephoned Plaintiffs at least 5 more times.

18- Defendant damaged Plaintiffs.

19- Defendant violated the FDCPA.

## **COUNT I**

20- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

## COUNT II

22- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

## COUNT III

24- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT IV

26- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

27- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## JURY DEMAND

28- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $2,000 in statutory damages ($1,000 per plaintiff) for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 709
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
Richard@meierllc.com
Attorney for Plaintiffs